Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 708 | **DATE** | 7/29/2002 |
| **CASE TITLE** | Lakeside Building Maintenance Inc. Vs. Raytheon Travel Air Co. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We deny the motion t dismiss and we deny, for now, the motion for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 3 0 2002 date docketed | | |
| ✓ | Docketing to mail notices. | | | | 25 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | 02 JUL 30 PM 3:48 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKESIDE BUILDING MAINTENANCE, )
INC., an Illinois corporation, )
 )
              Plaintiff, )
 )
      vs. )    No. 02 C 708
 )
RAYTHEON TRAVEL AIR COMPANY, a )
Kansas corporation; FLIGHT OPTIONS, LLC, )
a Delaware Limited Company, )
 )
             Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Lakeside Building Maintenance, Inc. (Lakeside), owner of a fractional share of an aircraft it purchased from Raytheon Travel Air Company (RTA), believes it is prejudiced by RTA's merger with Flight Options, Inc., resulting in the servicing of its contract being conducted by Flight Options, LLC. It alleges that it was fraudulently induced to enter into the contract because RTA, at the time of the contracting, failed to tell Lakeside it was planning to merge with Flight Options, and that therefore it is entitled to rescind. It also contends that RTA's contractual obligations implicitly required RTA not to enter into a merger that would materially diminish the value of Lakeside's contract.

RTA moves to dismiss or, alternatively, for summary judgment. It contends that Lakeside's claims are not ripe for judicial review because they are speculative – the claimed injuries may never happen. That concept triggers its motion to dismiss. Alternatively, it seeks summary judgment on the ground that the injuries will never happen. Finally, it questions plaintiff's reliance upon a good faith and fair dealing claim. We deny the motion to dismiss

and we deny, for now, the motion for summary judgment.

RTA's difficulty is that we must accept as true, for the purposes of the motion to dismiss, the allegations of the complaint, and we must permit the plaintiff, for purposes of the motion for summary judgment, some opportunity to explore the defendant's factual representations.

The claimed injuries may never occur – indeed, will not, according to RTA, but the complaint alleges otherwise. Fairly read, the complaint alleges that, because of the merger, RTA has disabled itself from providing the services and aircraft that its agreement with Lakeside contemplated. We view count II as essentially a breach of contract claim, that RTA cannot now provide the benefits of Lakeside's bargain. And that is a present injury.

RTA says Lakeside is wrong, for more than one reason. Its fraudulent inducement claim must fail because its arrangement with Lakeside predated any consideration of a merger with Flight Options, Inc. And Lakeside is not injured. The same entity will continue to provide support services. RTA customers will not only continue to have access to the same aircraft as before, but they will also have access, at their option, to larger and other aircraft from the Flight Options, Inc. fleet, and new aircraft are being acquired. Flight Options, Inc. customers, on the other hand, will not have access to RTA customer aircraft. Thus, contends RTA, Lakeside will have access to more aircraft while the demand for its airplane and those of other RTA customers will not increase and, indeed, should decrease by virtue of fractional owners taking advantage of the access to additional aircraft.

If that is so, Lakeside would be hard put to conjure up a claim. But plaintiff is entitled, through discovery, to satisfy itself, as to whether that is so. That may well be able to be

determined by a review of the relevant documentation, perhaps supplemented by some limited discovery. A protective order is in place for that purpose.

                                                                       JAMES B. MORAN
                                                                  Senior Judge, U. S. District Court

July 29, 2002.