

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 708 | DATE | 9/20/2002 |
| CASE TITLE | Lakeside Building Maintenance etc. Vs. Raytheon Travel Air Co. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is denied. Status hearing set for October 10, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LAKESIDE BUILDING MAINTENANCE, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 02 C 708 |
| RAYTHEON TRAVEL AIR COMPANY, a Kansas corporation, and FLIGHT OPTIONS, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lakeside Building Maintenance, Inc. (Lakeside) brought this action against defendants Raytheon Travel Air Company (RTA) and Flight Options, LLC (FOLLC), alleging fraudulent inducement to contract and breach of duty of good faith and fair dealing. FOLLC filed a motion to dismiss for failure to state a claim, arguing that it is not a proper party to the suit and that breach of duty of good faith and fair dealing is not a recognizable cause of action. For the following reasons, the motion is denied.

## BACKGROUND

The facts are taken from plaintiff's complaint. In November 2000, Lakeside decided to take part in RTA's fractional aircraft ownership program. Rather than purchasing an entire aircraft, this program allows a company to purchase a fractional interest in aircraft along with a limited number of other owners, each of whom is allowed to use the aircraft for a set number of hours per year. On December 1, 2000, Lakeside and RTA entered into a purchase agreement whereby Lakeside purchased a one-eighth share of a new RTA aircraft.

RTA made a series of representations to Lakeside as to the quality of service and type of aircraft Lakeside would be given.

On March 20, 2002, RTA entered into a combination agreement with Flight Options, under which RTA and Flight Options would sell all of their assets in exchange for shares in a newly-formed limited liability company called Flight Options, LLC. All of RTA's previously existing contracts, including that with Lakeside, were transferred to the new corporation, and Lakeside was notified that if RTA aircraft was unavailable, they could be switched to a Flight Options aircraft, which aircrafts are older and not equipped with the same avionics.

Lakeside alleges that FOLLC demanded that Lakeside amend various parts of the initial contract in ways that would be to Lakeside's disadvantage. And, further, that FOLLC has threatened to prevent Lakeside access to its aircraft if it does not agree.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The complaint here consists of two counts. First, Lakeside alleges that it was fraudulently induced to enter into the contract. At the time Lakeside signed the contract, RTA and Flight Options knew that they would be entering into the combination agreement, thereby negatively affecting the quality of service Lakeside would receive. Second, plaintiff alleges that

defendants breached the duty of good faith and fair dealing by entering into a contract which they knew they could not perform according to its terms.

Defendants first argue that there is no recognizable claim for breach of duty of good faith and fair dealing. As discussed in the order denying RTA's motion to dismiss, we will treat this claim as essentially a breach of contract claim. Reading plaintiff's claim fairly, it alleges that it signed a contract and cannot now receive the benefits of the bargain.

Defendants next argue that plaintiff failed to state a claim based on successor liability. Generally, a corporation that merely purchases the assets of another corporation does not assume the seller's liabilities arising from tort claims or other kinds of claims. Ruiz v. Blentech Corp., 89 F.3d 320, 324 (7th Cir. 1996). Illinois, however, recognizes four exceptions to this general rule: (1) when there is an express agreement; (2) the asset sale amounts to a *de facto* merger[1]; (3) the purchaser is a mere continuation of the seller; and (4) the sale is for a fraudulent purpose. *Id.*[2]

Reading the complaint liberally, plaintiff alleges that FOLLC assumed the obligations of RTA when RTA combined with Flight Options under the agreement (¶ 22). Moreover, plaintiff also alleges that RTA and Flight Options effectively merged, creating the new corporation FOLLC (¶ 21). Defendant denies these allegations, arguing that RTA and Flight

---

[1] A *de facto* merger exists when the following four criteria are present: (1) there is a continuation of the seller corporation; (2) there is a continuity of shareholders; (3) the seller corporation ceases its ordinary business operations; and (4) the purchasing corporation assumes those liabilities and obligations necessary for normal business. Hemstreet v. Compuscan, Inc., 1990 WL 103280 (N.D. Ill. 1990). Determining whether there was a *de facto* merger would require an analysis of the surrounding facts.

[2] The combination agreement that created FOLLC is governed by New York law, which recognizes the same exceptions to the general rule against successor liability. *See* Schumacher v. Richards Shear Co., Inc., 59 N.Y.2d 239, 244-45, 451 N.E.2d 195, 198 (N.Y. 1983) (discussing tort liabilities); International Private Satellite Partners, L.P. v. Lucky Cat Limited, 975 F.Supp. 483, 486 (W.D.N.Y. 1997) (discussing contract liabilities).

Options continue to exist as separate corporate entities, separate from FOLLC. Deciding these questions, however, requires us to take a close look at the combination agreement, the relationship between the parties, and make factual determinations which are not proper for a motion to dismiss. Plaintiff has sufficiently alleged successor liability in the complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 20, 2002.